UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CSX TRANSPORTATION, INC.** <br><br> **Plaintiff,** <br><br> v. <br><br> **TRI COUNTY RECYCLING, INC.** <br><br> **Defendant.** | **DOCKET NO**: 1:18-cv-12095-DJC |

### FIRST AMENDED COMPLAINT

Plaintiff, CSX Transportation, Inc. ("CSX") files this First Amended Complaint as a matter of right, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), against defendant Tri County Recycling, Inc. ("Tri County Recycling") and in support thereof avers as follows:

### PARTIES

1. Plaintiff, CSX, is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business located at 500 Water Street, Jacksonville, Florida 32202.

2. Defendant, Tri County Recycling is a domestic profit corporation organized and existing under the laws of the Commonwealth of Massachusetts with is principal place of business located at One Washington Mall, 16th Floor, Boston, MA 02108, with a registered agent for service in the person of George A. McLaughlin, III ("McLaughlin"), c/o The McLaughlin Brothers, P.C., One Washington Mall, 16th Floor, Boston, MA 02108. Tri County Recycling operates out of 198 E. Street, Ware, Massachusetts.

3. McLaughlin is the sole member, 100% owner, director, president, secretary, and treasurer of Tri County Recycling.

4. ABC&D Holdings, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at One Washington Mall, 16th Floor, Boston, MA 02108.

5. McLaughlin is the sole member, 100% owner, and managing member of ABC&D Holdings, LLC.

6. ABC&D Recycling, Inc. ("ABC&D Recycling") is a domestic profit corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal office located at One Washington Mall, 16th Floor, Boston, MA 02108.

7. McLaughlin is the director, president, secretary and treasurer of ABC&D Recycling.

8. ABC&D Holdings is the 100% owner of ABC&D Recycling.

**JURISDICTION**

9. Jurisdiction in this matter is based upon 28 U.S.C. §1332 as the matter in controversy exceeds $75,000.00 and is between entities organized under the laws of, and residing in, different states.

**VENUE**

10. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) as Tri County Recycling resides in this judicial district.

**FACTS**

11. ABC&D Recycling operated a construction and debris ("C&D") disposal facility, which is located at 198 E. Street, Ware, Massachusetts, (hereinafter the "Property").

12. The facility located on the Property is bisected by rail tracks, which provides the facility with access to rail services.

13. To dispose of the C&D, ABC&D Recycling loaded the C&D onto rail cars located on the facility's tracks and shipped the loaded rail cars to the appropriate landfill.

14. In 2011, CSX provided transportation services on behalf and at the request of ABC&D Recycling, transporting railcars from ABC&D Recycling's facility to landfills for disposal of C&D.

15. Between April and September of 2011, ABC&D Recycling incurred $344,878.20 in freight charges arising from transportation services CSX rendered to ABC&D Recycling, which it failed to pay.

16. On November 1, 2011, CSX filed suit against ABC&D Recycling in this Court as a result of ABC&D Recycling's failure to pay CSX for the transportation services CSX rendered, which is captioned as *CSX Transportation, Inc. v. ABC&D Recycling, Inc.*, Civil Action No. 3:11-30268.

17. On August 1, 2013, this Court entered judgment on behalf of CSX and against ABC&D Recycling in the amount of $427,530.36 in CSX's lawsuit against ABC&D Recycling. *See* Civil Action No. 3:11-30268, Docket Paper No. 58 (the "Judgment").

18. At the time the Judgment was entered, ABC&D Holdings was the 100% owner of ABC&D Recycling.

19. To date, CSX's Judgment remains unsatisfied because ABC&D Recycling purportedly ceased operations during litigation and had no assets preventing CSX from executing on that Judgment.

20. While ABC&D claimed to no longer be operational, McLaughlin had in fact re-opened the facility and resumed ABC&D Recycling's operations but now operating under ABC&D Holdings' name in March of 2013.

21. ABC&D Holdings continued ABC&D Recycling's operations at the facility, including collecting debris, selling scrap metal, and receiving all payments through at least February 2014, but ABC&D Recycling continued to claim it was not operational.

22. On or about May 6, 2014, McLaughlin formed Tri County Recycling and transferred ABC&D Recycling's assets, including equipment and vehicles, to Tri County Recycling. Tri County Recycling also assumed the debts of ABC&D Recycling.

23. On or about May of 2014, Tri County Recycling opened and resumed ABC&D Recycling's recycling/debris processing operations at the facility on the Property.

24. Tri County Recycling continues to operate at the facility and continues to utilize ABC&D's equipment, vehicles and instruments.

25. ABC&D Recycling, ABC&D Holdings, and Tri County Recycling have the same principal corporate office and agents for service: George A. McLaughlin, III, c/o The McLaughlin Brothers, P.C., One Washington Mall, 16th Floor, Boston, MA 02108.

26. The officers and directors of ABC&D Recycling are as follows:

　　a. President: McLaughlin

　　b. Treasurer: McLaughlin

　　c. Secretary: McLaughlin

　　d. Director: McLaughlin

　　e. Director: Matthew E. Burke

27. The officers and directors of ABC&D Holdings are as follows:

　　f. Manager: McLaughlin

28. The officers and directors of Tri County are as follows:

　　g. President: McLaughlin

      h. Treasurer: McLaughlin

      i. Secretary: McLaughlin

      j. Director: McLaughlin

29. McLaughlin owns and controls – either directly or indirectly – ABC&D Recycling, ABC&D Holdings, and Tri County Recycling.

30. Tri County Recycling is a mere continuation of ABC&D Recycling and/or a *de facto* merger that consolidated ABC&D Recycling.

31. Tri County Recycling continues to actively operate the facility on the Property in ABC&D Recycling's place.

### COUNT I – COLLECTION OF JUDGMENT; Successor Liability for Mere Continuation and *De Facto Merger*

32. CSX incorporates by reference all preceding paragraphs as if fully set forth herein.

33. CSX brings this action as a judgment creditor seeking to recover the Judgment.

34. In order to avoid paying CSX's Judgment, ABC&D Recycling has continuously represented to CSX that it is insolvent and no longer operating.

35. Despite these representations and in order to shield its income and assets, ABC&D Recycling continues to operate, but under the name Tri County Recycling. Customers now simply pay Tri County Recycling for disposal of the C&D rather than paying ABC&D Recycling allowing CSX's Judgment to remain unsatisfied.

36. Tri County Recycling's operation of ABC&D Recycling's business constitutes a *de facto* merger with and/or a mere continuation of ABC&D Recycling.

37. As a successor in interest to ABC&D Recycling as a result of a *de facto* merger and/or a mere continuation, Tri County Recycling is liable for the debts of ABC&D Recycling.

38. Tri County Recycling's liability for the debt of ABC&D Recycling arises from, *inter alia*, the following facts:

   a. Both prior and subsequent to the entry of CSX's Judgment, there has been a uniformity of ownership between Tri County Recycling and ABC&D Recycling by virtue of the fact that McLaughlin is the 100% owner of ABC&D Holdings, which in turn owns ABC&D Recycling and McLaughlin is the 100% owner of Tri County Recycling. Through his ownership of these three interrelated companies McLaughlin has maintained complete control over all three entities and has collectively managed all three entities continuously.

   b. Both prior and subsequent to the entry of CSX's Judgment, there is a uniformity of corporate officers and shareholders between Tri County Recycling, ABC&D Holdings and ABC&D Recycling as McLaughlin is:

      i. The sole shareholder of Tri County Recycling;

      ii. The managing member and owner of ABC&D Holdings, which is the sole shareholder of ABC&D Recycling;

      iii. And the president, secretary, treasurer, and director of both ABC&D Recycling and Tri County.

   c. ABC&D Recycling has ceased operations in name and has effectively dissolved, but Tri County Recycling has assumed its operations, its debt, and continues to carry out ABC&D Recycling's operations from the same location using ABC&D Recycling's equipment in such operations.

      d. Tri County Recycling, ABC&D Holdings and ABC&D Recycling all maintain principal offices located at One Washington Mall, 16th Floor, Boston, MA 02108, and are all controlled by McLaughlin.

39. Tri County Recycling continues to function in the same manner with the same employees or personnel and providing the same services at the same location as ABC&D Recycling.

40. Tri County Recycling was established for the purpose of continuing the business of ABC&D Recycling and is the same company in substance if not in form.

41. For the reasons set forth above, it would be unequitable to allow Tri County Recycling and its owner to continue operation of ABC&D Recycling's business in a manner designed to avoid ABC&D Recycling's creditors including CSX.

**WHEREFORE**, Plaintiff CSX Transportation, Inc. respectfully demands that judgment be entered in its favor and against defendant, Tri County Recycling, Inc. for an amount no less than $427,530.36, together with costs, prejudgment interest, attorneys' fees, and such other relief as the Court may allow.

                                    Plaintiff, CSX Transportation, Inc.,
                                    By its Attorneys,

                                   */s/Brett R. Corson*
                                    Brett R. Corson, BBO #677644
                                    SLOANE & WALSH, LLP
                                    One Center Plaza, 8th Floor
                                    Boston, MA 02108
                                    (617) 523-6010 office
                                    (617) 227-0927 facsimile
                                    bcorson@sloanewalsh.com

Dated: November 15, 2018

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CSX TRANSPORTATION, INC.** <br><br> **Plaintiff,** <br><br> v. <br><br> **TRI COUNTY RECYCLING, INC.** <br><br> **Defendant.** | **DOCKET NO**: 1:18-cv-12095-DJC |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and first class mail or email copies will be sent to those indicated as non-registered participants or to those parties not yet appearing on the date indicated below.

/s/ Brett R.Corson

DATED: November 15, 2018